IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT DOUGLAS TURNER        :

          Plaintiff        :

    v                                 :        Civil Action No. RDB-07-2747

ROBERT ROSENTHAL             :

          Defendant       :
                              o0o

**MEMORANDUM OPINION**

The above-captioned civil rights action was filed on October 9, 2007, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion will be granted. For the reasons that follow, the case will be dismissed.

Plaintiff alleges that on June 29, 2006, he was admitted to the University of Maryland Emergency Room because he had "a self-mutilation wound to [his] right testicle." (Paper No. 1 at p. 4.) He claims Dr. Rosenthal asked him "why don't you go ahead and cut it off, and be done with it?" *Id*. After making the statement, Dr. Rosenthal allegedly refused to suture Plaintiff's wounds. *Id*. Plaintiff seeks one million dollars in damages. *Id*.

The allegations in the Complaint fail to state a claim upon which relief may be granted. There is no allegation that Plaintiff was denied medical care, only that one particular doctor declined to provide services. To the extent that the statement allegedly made by Dr. Rosenthal was insensitive, it is not enough to state a constitutional claim. *See Pink v. Lester*, 52 F.3d 73, 75 (1995) (not all undesirable behavior states a constitutional claim). Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Thus, the Complaint must be dismissed as frivolous.

Under 28 U.S.C. §1915(g) a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Upon review, it appears Plaintiff has on three previous occasions filed a claim that was dismissed as frivolous.  *See Turner v. MHC-A*, Civil Action No. DKC-96-3504 (D. Md. 1996); *Turner v. Morrell*, Civil Action No. DKC-96-3719 (D. Md. 1996); and *Turner v. Johnson*, Civil Action No. DKC-98-1034 (D. Md. 1998).  Through apparent oversight, however, he has been permitted to file other claims which were permitted to proceed in which he was granted *in forma pauperis* status.  Plaintiff is hereby forewarned that future actions filed by him in this Court will be carefully screened and he will not be permitted to proceed *in forma pauperis* unless he can establish he is facing imminent danger of serious physical injury.

A separate order follows.

October 24, 2007

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE